UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERNEST ALLEN,

       Plaintiff

v.

LUSTIG GLASER & WILSON, P.C., DEREK
S. ROGERS, KENNETH WILSON, DEAN A.
HEINOLD, LILY HAAS, CHASE BANK
U.S.A., MIDLAND MANAGEMENT INC.,
MIDLAND FUNDING, AND ENCORE
CAPITAL.,

       Defendant

C.A.No. 3:15-cv-30052-MGM

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC AND ENCORE CAPITAL GROUP, INC.

Defendants Midland Credit Management, Inc. (improperly named as Midland Management Inc.) ("MCM"), Midland Funding LLC (improperly named as Midland Funding) ("Midland Funding"), and Encore Capital Group, Inc. (improperly named as Encore Capital) ("Encore") (collectively, "the Midland entities") respectfully submit this memorandum of law in support of their motion to dismiss the plaintiff's Amended Complaint for failure to state a claim on which relief can be granted. To the extent the Court does not dismiss every count of the Amended Complaint, the Midland entities respectfully request that specified portions of the Amended Complaint be stricken pursuant to Rule 12(f) on the grounds that they are immaterial, or impertinent.

1

## I.  FACTUAL ALLEGATIONS IN PROPOSED AMENDED COMPLAINT[1]

Plaintiff asserts causes of action pursuant to the Fair Credit Reporting Act ("FCRA"), the

Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9 ("Chapter 93A") and the Fair Debt

Collection Practices Act ("FDCPA"). However, the facts which he alleges in support of these

theories do not state claims on which relief can be granted, for the reasons set forth below.

Plaintiff's Amended Complaint contains a significant amount of extraneous, irrelevant,

and impertinent matter. Stripped of argument and rhetoric, the Amended Complaint alleges that:

- The defendants pulled Plaintiff's credit report without his permission from Trans Union, Experian, or Equifax. *Id.* at ¶ 19.
- The affidavit of Lilly Haas, submitted in support of the Complaint filed against him in Springfield District Court did not contain a warning that the Defendants were debt collectors, that they were attempting to collect a debt, and that information would be used for that purpose. *Id.* at ¶ 20.
- The affidavit of Lily Haas  falsely claimed that Ms. Haas had firsthand knowledge of the records relating to Plaintiff's debt. *Id.* at ¶ 148.
- The defendants sued Plaintiff for $3,000 (or $3,134.04) in Springfield District Court. *Id* at ¶¶ 24, 31, 32.
- The defendants sued Plaintiff on a debt that was time barred, if the three-year Delaware statute of limitations were applied. *Id.* at ¶¶ 34-36.

Notably, Plaintiff has several debts that he owes to Midland Funding, as the Exhibits to the

Complaint reveal. The Small Claims Complaint and the Lily Haas Affidavit that Plaintiff

submitted with his Amended Complaint relate to the same account, a Chase Bank credit card

account ending in 3196, with an outstanding balance of $1,906.48. However, Plaintiff also

attaches correspondence relating to a Citibank credit card account ending in 3919 with a balance

---

[1] The Court granted Plaintiff's motion to amend his complaint on July 14, 2015 and instructed the plaintiff to file his Amended Complaint as a new docket entry, which he has not yet done. In light of the Court's order that a response to the plaintiff's pleading be filed within thirty days of the Court's, the Midland entities respond to the plaintiff's Proposed Amended Complaint as if it is the operative pleading in order to avoid any argument that their response is untimely. The Midland entities would oppose any attempt by Plaintiff to file an Amended Complaint that is different from the Proposed Amended Complaint.

2

of $1,821.71. *See* Am. Comp. Exhibit 9 at 5-10. The fact that Plaintiff has multiple outstanding accounts, *see also* Am. Comp. Exhibit 2 (listing multiple outstanding debts with various creditors), may have led to some of his confusion about the debt collection activities being directed against him. Accordingly, while the Plaintiff is entitled to have the Court view his allegations in a favorable light, it is appropriate to consider that fact in determining whether or not Plaintiff has nudged his claims across the line from "possible" to "plausible."

The balance of the plaintiff's allegations are for the most part either legal arguments or have nothing to do with this Plaintiff and should therefore be stricken pursuant to Fed. R.Civ. P. 12(f) if the entire Amended Complaint is not dismissed.[2] In particular, paragraphs 49 through 60 set forth arguments, not factual allegations.  Likewise paragraphs 75 through 135 do not set forth allegations of fact which relate to Plaintiff's claims, but instead set forth arguments, opinions, and extraneous information relating to other litigation. Should any portion of the Amended Complaint be permitted to go forward, it would be unduly burdensome for the numerous defendants to have to individually respond to each of the allegations.

## II.       STANDARD OF REVIEW

In ruling on a motion  to dismiss for failure to state a claim under Rule 12(b)(6), a court must take Plaintiffs' factual allegations as true and make all reasonable inferences in their favor. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  However, a court must grant a motion

---

[2] The length of Plaintiff's Amended Complaint, with its voluminous and only partially relevant exhibits, violates the letter and spirit of Fed. R. Civ. P. 8(a), which requires that a complaint contain a "short and plain statement of the claim." Failure to submit a proper pleading in conformity with the Rules of Civil Procedure provides additional grounds for dismissing Amended Complaint. *See, e.g.*, *Vakalis v. Shawmut Corp.*, 925 F.2d 34 (1st Cir. 1991) (confirming dismissal of case as sanction for failure to comply with court order to amend complaint to conform to Rule 8(a)); *Lasky v. Shearson Lehman Brothers Inc.*, 139 F.R.D. 597, 598 (S.D.N.Y. 1991) (holding that 73 page, 302 paragraph complaint violated Rule 8(a), noting that "unnecessary prolixity places an unjustified burden on the court and the responding party"); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, NO. 01-10583-DPW, 2003 U.S. Dist. LEXIS 8846 (D. Mass. Feb. 23, 2004) (noting that "complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail.")

to dismiss for failure to state a claim on which relief can be granted, where the factual allegations are insufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (U.S. 2007). In reviewing the sufficiency of a complaint, courts should not accept as true legal conclusions couched as factual allegations. *Id.* at 555; *see also Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "[S]ummary legal conclusions that are contradicted or 'belied by the facts alleged' may be disregarded." *Id.* (quoting *In re Lane*, 937 F.2d 694, 698 n.7 (1st Cir. 1991)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678.  Unsupported conclusions and assertions are not entitled to credit under this standard. *Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 415 (1st Cir. 2007) (citing *Palmer v. Champion Mortgage*, 465 F.3d 24, 25 (1st Cir. 2006)).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations omitted). A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Well-pleaded facts of a complaint are to be accepted as true, but legal conclusions are

4

not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. In ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents (the authenticity of which are not disputed), public records, documents central to plaintiffs' claim, and documents referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

## III. ARGUMENT

**A.**     **Plaintiff Has Not Stated A Claim For Violation Of The Fair Credit Reporting Act (Counts I and II) Because His Allegations And The Documents Attached To The Complaint Establish That Defendants Had A Permissible Purpose For Accessing His Credit Report.**

Plaintiff alleges that the defendants violated the FCRA, because they accessed his consumer credit report without his consent and without a permissible purpose. However, Plaintiff's allegations and the exhibits attached to the Amended Complaint establish that the defendants did have a permissible purpose for pulling his credit report: the collection of a debt.

In rejecting a claim similar to the one advanced here, this Court recently held:

> The FCRA allows a consumer reporting agency (such as Equifax, Experian, or TransUnion) to furnish a consumer credit report only under specified circumstances, including:[t]o a person which it has reason to believe . . . **intends to use the information in connection with** a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or **collection of an account of . . . the consumer.**

*Veal v. Portfolio Recovery, Inc.*, 2015 U.S. Dist. LEXIS 47059 (D. Mass. Apr. 9, 2015) (quoting 15 U.S.C. § 1681b(a)(3)(A) (emphasis added)). As the *Veal* court noted, "[t]his Court and others have consistently construed this language to permit a debt collector to obtain a credit report in connection with efforts to collect a debt." *Id.* at *7 (collecting cases).

Plaintiff alleges that each of the defendants is a "debt collector" as defined by statute. *See* Am. Comp. at ¶¶ 7-14. Plaintiff alleges that the defendants were attempting to collect a debt from him. *Id.* at ¶¶ 24, 30-33. Plaintiff attaches excerpts of his credit reports as Exhibit 2 to his Amended Complaint. At the fifth page of Exhibit 2, plaintiff has circled where an entry indicating that Midland Credit Management, Inc. has made an "account review inquiry." The credit report states that:

> The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. **These inquiries are not seen by anyone but you and will not be used in scoring your credit file.**

Am. Comp. Ex. 2 at 5. The entry notes that MCM made an inquiry on September 10, 2014 for the "Permissible Purpose" of collection. The entry further demonstrates that Plaintiff's allegations that the inquiries caused his credit score to come down is inaccurate. *See, e.g.*, Am. Comp. at ¶ 19. Based on the foregoing, Plaintiff's Count I and Count II, alleging violations of the FCRA, must be dismissed with prejudice. Plaintiff cannot cure the deficiency by amending his pleading where the conduct of which he complains is indisputably permissible.

**B.     Plaintiff Has Not Stated A Claim For Violation Of the Massachusetts Consumer Protection Act, M.G.L. c. 93A (Count III) on Which Relief Can Be Granted.**

Plaintiff recites several of the defendants' acts which he claims violated the state Consumer Protection Statute, Chapter 93A. However, even if one or more of those allegations did state a claim under Chapter 93A, Count III would have to be dismissed as a result of the Plaintiff's failure to demonstrate that he served a proper and adequate statutory demand letter at least thirty days prior to filing suit. Furthermore, Plaintiff has not plausibly alleged that the

Midland entities violated Chapter 93A in any way, and his claims are for the most part, belied and contradicted by the very exhibits that he attaches to the Amended Complaint.

**1. Plaintiff's Alleged Demand Letters Do Not Satisfy the Requirements of M.G.L. c. 93A, § 9.**

As a prerequisite to filing suit pursuant to Massachusetts' Consumer Protection Act, M.G.L. chapter 93A ("chapter 93A"), a plaintiff must make a written demand for relief at least 30 days prior to filing suit.  M.G.L. c. 93A, § 9(3).  The demand letter must be sufficient to put the defendant on notice that a Chapter 93A claim is contemplated, and that the plaintiff may make a claim for double or treble damages.  It is not sufficient that a letter purporting to be a Chapter 93A demand simply set forth a conventional legal claim and demand for settlement.  *See Cassano v. Gogos*, 20 Mass. App. Ct. 348, 350 (1985).  In order to succeed on his Chapter 93A claim, the plaintiff must allege and prove that he has complied with this requirement.  *See Spring v. Geriatric Auth. of Holyoke*, 394 Mass.274, 287 (1985); *York v. Sullivan*, 369 Mass. 157 (1975); *Baldassari v. Public Finance Trust*, 369 Mass. 33 (1975).  The demand letter is a jurisdictional requirement; its absence is a bar to suit.  *See Entrialgo v. Twin City Dodge*, 368 Mass. 812, 813 (1975); *see also Spilios v. Cohen,* 38 Mass. App. Ct. 338, 342 (1995) (affirming summary judgment on Chapter 93A claim where plaintiff presented insufficient evidence to raise an issue of fact that she sent a demand letter). At a minimum, a proper demand letter pursuant to Chapter 93A must do the following:  identify the claimant; describe the unfair or deceptive act or practice alleged; describe the injury suffered; and identify the claim as one brought pursuant to the Consumer Protection Act.   Mass. Gen. Laws Chapter 93A, § 9(3); *Simas v. House of Cabinets, Inc.*, 53 Mass. App. Ct. 131, 139 (2001); *Cassano*, 20 Mass. App. Ct. at 350.

Here, the plaintiff allegedly sent two letters to the Midland entities, neither of which satisfy these requirements. *See* Am. Comp. Exhibit 1 at 3-4, 7-11. Notably, no demand letter, even an inadequate one, was sent to defendants Midland Funding LLC or Lilly Haas.  Plaintiff allegedly sent a letter to "Midland Credit Management", "MCM Management," and "Encore Capital" dated March 17, 2015 (eight days before he filed suit on March 25, 2015). This letter did not identify Plaintiff's demand as one asserted pursuant to chapter 93A. Moreover, the letter did not identify any allegedly unfair and deceptive acts or practices that he now claims in this lawsuit violated chapter 93A. He did not describe his alleged injury or damages, and he demanded a response within one week, not thirty days, as provided for by statute.

Plaintiff allegedly sent a second letter dated March 17, 2015 to Midland Credit Management, "MCM Management," and Encore Capital (again, not to Midland Funding LLC or Lily Haas). Although this second letter refers to the "Massachusetts Unfair & Deceptive Trade Practices Act," the letter is still deficient in that it does not sufficiently identify any unfair or deceptive act or practice that has been asserted in this case,[3] it makes no reference to how Plaintiff was allegedly harmed or what damages he allegedly suffered, and it does not indicate that Plaintiff intended to seek multiple damages under chapter 93A. In addition, the letter demands that the recipients respond with a settlement offer within seven days, not thirty as provided by M.G.L. c. 93A, § 9.

Where a Plaintiff fails to comply with the demand requirement of M.G.L. c. 93A, § 9, the Chapter 93A claim fails as a matter of law. *See Labovitz v. Feinberg*, 47 Mass. App. Ct. 306, 307 n.5 (1999); *see also Eisenberg v. Gouthro*, No. 9402446, 1995 WL 1146849, *2 (Mass. Super.

---

[3] Plaintiff's reference in the letter to an allegedly "time barred" debt does not identify an unfair or deceptive act or practice from which the recipient could evaluate the merits of the claim. The purpose of the demand requirement is to allow the recipient to review the claim and to determine whether a settlement offer is warranted. This conclusory assertion that Plaintiff was sued on a time barred debt does not meet this criteria.

Ct. Nov. 16, 1005); *Bassi v. Julian Crane & Equip. Corp.*, No. 02-0306, 2005 WL 3105676 (Mass. Super. Ct. Oct. 26, 2005); *Yood v. Dadasis,* 1995 Mass. Super. LEXIS 187 (Mass. Super. Ct. 1995) (granting summary judgment to defendant where plaintiff's alleged demand letter did not meet requirements of Section 9). Because Plaintiff's demand letters do not comply with the statute, and Plaintiff filed suit less than thirty days after allegedly sending the letters, his Chapter 93A claim fails as a matter of law and should be dismissed with prejudice as to the Midland entities, as the infirmity is incurable.

###### 2. Plaintiff Has Not Plausibly Alleged That He Was Sued On A Time-Barred Debt.

The statute of limitations on actions for breach of contract in Massachusetts is six years. M.G.L. c. 260, § 2. This six year statute of limitations applies to actions for unpaid debts. *See, e.g. Boles v. Katz*, 340 Mass. 406, 407 (Mass. 1960). Plaintiff alleges that since the original creditor, Chase Bank, is a Delaware corporation, Delaware's three year statute of limitations should apply to the action brought by Midland Funding, its assignee, to recover on the debt. As this is a conclusion of law couched in the guise of a factual allegation, it is entitled to no weight, even on a motion to dismiss.[4]

As the small claims case was filed in Massachusetts, Massachusetts' choice of law rules would be applied to determine what statute of limitations should be applied to the action. Massachusetts applies a functional choice of law analysis, as stated in the Restatement (Second) of Conflict of Laws, § 142, which provides:

---

[4] As a side note, Plaintiff complains that the defendants are "forum shopping" because they sued him in the Commonwealth of Massachusetts, where he resides, rather than in Delaware, where the original creditor is based. The FDCPA requires that a debtor be sued in the district in which he signed the contract or resides. 15 U.S.C. § 1692i. Any claim of venue shopping is meritless.

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

*Shamrock Realty Co. v. O'Brien*, 72 Mass. App. Ct. 251, 255 (Mass. App. Ct. 2008) (quoting Rest.2d Conflict of Law § 142 and following *New England Tel. & Tel. Co. v. Gourdeau Constr. Co.*, 419 Mass. 658, 664, 647 N.E.2d 42 (1995)). The general rule is thus that the law of the forum should apply. In this case, it is the law of Massachusetts, which applies a six year statute of limitations. It cannot be argued that Massachusetts has no interest in its laws being applied with respect to contracts formed (and breached) by its residents, such as Plaintiff. Likewise, Plaintiff cannot show that Delaware has a more significant relationship to the parties and where Plaintiff apparently incurred the indebtedness in Massachusetts by using his credit card in Massachusetts, and then defaulted in Massachusetts.

Plaintiff alleges, almost in passing, that he has not made a payment on the account in question since March 2008. *See* Am. Comp. at ¶ 34. However, he has attached statements relating to a different credit card account to his pleading, perhaps mistaking the two accounts. In contrast, the defendants' records, on which the Affidavit of Lily Haas is based (which is appended to and referred to extensively in the Amended Complaint) demonstrate that Plaintiff was making purchases in Springfield, Massachusetts as late as November 2010, and made a payment of $130.00 on March 14, 2011. Plaintiff had attached these documents to his original Complaint, but omitted them from the Amended Complaint. *See* Docket Entry 1-1 at 14-38. The partial payment on March 14, 2011 was sufficient to restart the statute of limitations as to the entire debt. *Boles*, 340 Mass. at 408 ("Where a partial payment is made on account of an existing

10

indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time. . . . But if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute. The payment is an acknowledgment of the existence of the indebtedness,   and raises an implied promise at that time to pay the balance.") In light of the partial payment on March 14, 2011, the Small Claims Complaint that was filed on August 26, 2014, was well within the six year statute of limitations period. *See id* Exhibit 3 at 2.

Where the documents appended to and referred to in Plaintiff's Amended Complaint belie his own allegation as to when the statute of limitations on a debt that he owed began to run, Plaintiff's Amended Complaint fails to plausibly state a claim. To the extent that Plaintiff's Chapter 93A claim is premised on an allegation that he was sued on a time-barred debt or that the nature or status of the debt was misrepresented, in light of the actual documents at issue, Plaintiff has alleged no more than a possibility that he might be entitled to relief, which is insufficient to allow this claim to go forward.

### 3. Plaintiff's Allegations, If True, Do Not Establish That Lilly Haas Filed a False Affidavit, Even If True.

The Affidavit of Lily Haas that Plaintiff alleges was submitted in support of the Small Claims Complaint filed by Midland Funding against him fully supports and is consistent with the allegations in the Small Claims Complaint. *See* Am. Comp. Ex. 6. The plaintiff alleges that the Midland entities have been found to have submitted false affidavits in other cases in other jurisdictions in the past. He alleges that Midland formerly had a practice of having witnesses sign affidavits that falsely attested to personal knowledge and that this practice continues today. However, the affidavit language that Plaintiff alleges is false or misleading is not contained in the Affidavit of Lily Haas. Ms. Haas attests to the facts that: (1) she is a Legal Specialist; (2) that

11

she has access to MCM's records; (3) that MCM is the debt servicer for Midland Funding, which purchased Plaintiff's debt; and (4) that she has access to and reviewed the records associated with that debt, namely the Chase account ending in 3196. Ms. Haas attests to the fact that these are regularly kept business records by persons with a duty to keep accurate records, and which are routinely relied upon by the businesses that keep them. *See* Exhibit 6.

Plaintiff alleges that Ms. Haas falsely stated that she has first hand knowledge of the relevant business records. Plaintiff appears to believe that "records" can only mean "paper" documents, and that electronic data files do not qualify as records. Moreover, Ms. Haas's affidavit does not state that she has "firsthand" knowledge of the records, only that she has access to and did review the relevant records (in the form of electronic data). Based on that review, Ms. Haas attests to the facts set forth in the regularly kept business records, namely, that Plaintiff had an account with Chase, that Plaintiff owed a balance of $1906.48, that the last payment made on that account was on March 14, 2011, and that the account was charged off and sold to Midland Funding. *See* Am. Comp. Exhibit 6 at ¶ 6. She attaches the relevant Bill of Sale. *Id.* It is not plausible that Ms. Haas prepared and signed this affidavit without reviewing the relevant records in light of the detailed factual information contained therein.

It is well settled under Massachusetts law that ledger records are admissible into evidence as business records, and that a keeper of records need not have personal knowledge of the data that was entered into the business records, but only that they have reviewed the records and are able to testify as to their contents. *Norfolk Fin. Corp. v. Wynn*, 2003 Mass. App. Div. LEXIS 54 (Mass. App. Div. 2003) (citing *Sawyer & Co. v. Southern Pacific Co.*, 354 Mass. 481, 484 (1968)). Plaintiff has identified no statements of fact that are false or misleading in the Affidavit of Lily Haas.

**4.     Debt Collectors Are Not Required To Make Section 1692e(11) Disclosures in Formal Pleadings Made In Connection With a Legal Action.**

In paragraph 20 of the Amended Complaint, Plaintiff alleges that the defendants violated the FDCPA because the Affidavit of Lily Haas failed to inform Plaintiff that the defendants were debt collectors trying to collect a debt. Simply referring to the section of the FDCPA cited by Plaintiff in support of this allegation reveals that it does not state a claim on which relief can be granted.

15 U.S.C. § 1692e(11) provides:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

(Emphasis added). The express exception of formal pleadings from the requirement of Section 1692e(11) was part of a 1996 amendment to the statute. *Alger v. Ganick, O'Brien & Sarin*, 35 F. Supp. 2d 148, n.18 (D. Mass. 1999). According to Plaintiff, the Affidavit of Lilly Haas is a "litigation affidavit" submitted in the Springfield Small Claims Court in support of the collection action filed against Plaintiff. As such, it constitutes a formal pleading, and the cited disclosure information is therefore not required.

**5.     To The Extent Plaintiff's Chapter 93A Claim Is Predicated On An Alleged Violation Of the FCRA, It Fails To State A Claim.**

Where a Chapter 93A claim is derivative of a claim brought as a separate cause of action, and the underlying cause of action is dismissed, the Chapter 93A claim necessarily fails as a matter of law. *See, e.g.,* See, e.g. *Pembroke Country Club, Inc. v. Regency Savs. Bank, F.S.B.*, 62 Mass. App. Ct. 34, 40-41, 815 N.E.2d 241 (2004); *accord*, *Rivera v. Chrysler Group, LLC*, 2010

Mass. Super. LEXIS 369 (Mass. Super. Ct. May 7, 2010) (where underlying breach of warranty claims fail, derivative Chapter 93A claim fails as a matter of law); *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club*, 2008 Mass. Super. LEXIS 154 (Mass. Super. Ct. 2008) (where misrepresentation claims fail, derivative Chapter 93A claims fail as a matter of law); *Gator Dev., Inc. v. New Eng. Power Co.*, 2007 Mass. Super. LEXIS 232 (Mass. Super. Ct. 2007) (where claims for breach of contract, misrepresentation and other claims fail, derivative Chapter 93A claims fail as  matter of law).

### 6.      Exhibits Appended To the Plaintiff's Complaint Demonstrate That Plaintiff Was Not Sued For an Incorrect Amount Of $3,000, As He Alleges.

The Small Claims Complaint that is appended as Exhibit 3 relates to a credit card account originally opened by Plaintiff with Chase Bank USA, N.A. The amount of the debt is listed as $1,906.48 plus $50.00 in court costs. Nowhere on the Complaint does it list an amount of $3,000 or $3,134.04. *See* Exhibit 3. The document indicates that the last payment posted to the account was on March 14, 2011. *Id.* Plaintiff's conclusory allegations are belied by the documents he has appended to the Amended Complaint.

### C.      Plaintiff's Claim for Violations of the FDCPA (Count IV) Sets Forth No More Than Formulaic Recitations of the Elements and Paraphrases the Statute.

In Count IV, Plaintiff asserts that the defendant violated eight separate provisions of the FDPCA. He fails to state any facts in support of any of those claims, and instead merely recites the language of the statute. *See* Am. Comp. ¶ 155. Where a plaintiff does no more than identify sections of the FDCPA that he claims were violated without linking any factual allegations to the allegedly violated sections, dismissal is warranted. *Veal*, 2014 U.S.Dist. LEXIS 47059 at *9-10 (quoting *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Plaintiff's allegations of conduct that allegedly violated other state and federal statutes, as discussed above, fail to state a claim, and cannot be resurrected by a "catchall" FDCPA claim.

## IV.    CONCLUSION

Wherefore, defendants Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. respectfully request that the Court grant their motion to dismiss, dismiss each Count of Plaintiff's Amended Complaint with prejudice and without leave to amend, and award their costs and fees, along with such other and further relief as is just and equitable.

Respectfully submitted,
Defendant,
**MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, and ENCORE CAPITAL GROUP, INC.**
By their attorneys,

/s/ Kara Thorvaldsen
William T. Bogaert, BBO # 546321
William.Bogaert@wilsonelser.com
Kara Thorvaldsen, BBO # 660723
Kara.Thorvaldsen@wilsonelser.com
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
Dated: August 7, 2015        260 Franklin Street
Boston, MA 02110
(617) 422-5300

**CERTIFICATE OF SERVICE**

I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2015.  I have also served a copy of this document by first class mail, postage prepaid on plaintiff, who is pro se, as follows:

Ernest Allen
53 Tilton Street
Springfield, MA 01109

/s/ Kara Thorvaldsen