UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERNEST ALLEN,<br><br>    Plaintiff<br><br>v.<br><br>LUSTIG GLASER & WILSON, P.C., DEREK S. ROGERS, KENNETH WILSON, DEAN A. HEINOLD, LILY HAAS, CHASE BANK U.S.A., MIDLAND MANAGEMENT INC., MIDLAND FUNDING, AND ENCORE CAPITAL.,<br><br>    Defendant | C.A.No. 3:15-cv-30052-MGM |

**OPPOSITION OF MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST LILLY HAAS**

    Defendants Midland Credit Management, Inc. (improperly named as Midland Management Inc.), Midland Funding LLC (improperly named as Midland Funding) and Encore Capital Group, Inc. (improperly named as Encore Capital) (collectively referred to as the "Defendants") respectfully submit this opposition to Plaintiff's Request for Entry of Default Against Lilly Haas. Plaintiff has alleged that Lilly Haas is an employee and agent of the Defendants. As such, a default entered against Ms. Haas has the potential to affect the legal rights of the Defendants. Accordingly, the Defendants, who have each appeared and answered Plaintiff's Amended Complaint, have standing to oppose Plaintiff's Request.

    Plaintiff's Request for Entry of Default Against Lilly Haas must be denied because Plaintiff has not properly served Ms. Haas. The purported proofs of service filed with the Court, along with statements set forth in the Request itself, fail to establish that M. Haas was properly served.

Fed. R. Civ. P. 4(e) sets forth the requirement for service of the Summons and Complaint on an individual who is within a jurisdictional district of the United States. Under this section of the Rule, service is accomplished by either "delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The plaintiff bears the burden of proving proper service. *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir.1992).

Plaintiff claims that he "served defendant Lilly has and [sic] employee of Midland Funding LLC on July 10, 2015 through defendants registered agent." Docket Entry # 42. Plaintiff filed a purported proof of service on August 3, 2015, which indicates that an individual named Lisa Harvey-Freeman "personally served Lilly Hass By Certifide [sic] Return Receipt to her Registered agent on July 10, 2015." Docket Entry #36 at 2. Attached to the purported proof of service was a certified mail receipt indicating that mail was sent to "Corporation Service Company, 84 State St. Boston, MA 02101." Plaintiff submits nothing to demonstrate that Ms. Haas specifically appointed Corporation Service Company as her agent for service of process in the Commonwealth of Massachusetts.

Plaintiff had previously filed a similarly defective document on June 24, 2015, in which it was asserted that Lisa Freeman had mailed the Summons and Complaint "over night by USPS propriety mail to defendands [sic] register agent." Docket Entry # 25 at 2. This purported proof of service is also ineffective.

Lily Haas is an individual, not a corporation or other business entity, and has not appointed a registered agent for purposes of accepting service of process in Massachusetts.

Presumably Plaintiff believes that it can serve Ms. Haas by serving a Summons and Complaint on Ms. Haas's employer, but this would be incorrect. "For service of process to be valid upon an agent, it must be shown that he was actually appointed by the defendant for the specific purpose of receiving process." *United States v. Marple Community Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971) *accord*, *Edwards v. Eastman Outdoors, Inc.*, 746 F. Supp. 2d 207 (D. Me. 2010). Plaintiff has made no such showing here.

Absent valid service of process, a court may not exercise jurisdiction over the individual. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Likewise, a court cannot enter a default against an individual who has not been properly served. *See, e.g., Scott v District of Columbia*, 598 F Supp 2d 30 (D.D.C. 2009); *Muegge v. Heritage Oaks Golf & Country Club, Inc.*, 209 Fed. Appx. 936, 938 (11th Cir. Fla. 2006); *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353 (D.Md. 1996).

Here, the purported service on Ms. Haas was improper and ineffective. Plaintiff has not shown that Ms. Haas was served individually, at her last and usual abode, or otherwise in accordance with Massachusetts law. As service of the Summons and Complaint on the registered agent for Ms. Haas's employer is not proper service under Rule 4(e), no default may enter.

For the foregoing reasons, the Defendants respectfully request that Plaintiff's request for entry of default be denied, and that the Court award their costs and fees associated with opposing the request, along with such other and further relief as is just and equitable.

<table>
<tr><td>

Dated:  August 18, 2015

</td><td>

Respectfully submitted,
Defendants,
**MIDLAND CREDIT MANAGEMENT, INC.,**
**MIDLAND FUNDING, LLC,**
**AND**
**ENCORE CAPITAL GROUP, INC.**
By their attorneys,

/s/ Kara Thorvaldsen
William T. Bogaert, BBO # 546321
William.Bogaert@wilsonelser.com
Kara Thorvaldsen, BBO # 660723
Kara.Thorvaldsen@wilsonelser.com
WILSON, ELSER,  MOSKOWITZ EDELMAN &
DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

</td></tr>
</table>

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, William Bogaert, certify that I attempted in good faith to confer with the plaintiff regarding his request for default, by emailing the plaintiff on the afternoon of Friday, August 13, 2015 to request his assent to the requested relief.  As of the time that this motion is being filed, I have not received a response.

/s/ William T. Bogaert

## CERTIFICATE OF SERVICE

     I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 18, 2015.  I am not aware of any party who is a non registered participant, and therefore electronic filing is the sole means of service of this document.

                                    /s/ Kara Thorvaldsen