UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERNEST ALLEN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Case No. 15-30052-MGM |
| LUSTIG, GLASER & WILSON P.C., et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTIONS
TO DISMISS AND MOTION TO STRIKE AND PLAINTIFF'S MOTION
FOR LEAVE TO TAKE JUDICIAL NOTICE
(Dkt. Nos. 37, 39, 50, and 57)

January 5, 2016

MASTROIANNI, U.S.D.J.

## I.  INTRODUCTION

Ernest Allen ("Plaintiff"), acting *pro se*, brings this action against (i) Lustig, Glaser & Wilson P.C. ("LGW") and its employees Derek S. Waters, Kenneth Wilson, and Dean A. Heinold (the "LGW Defendants"); (ii) Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. (the "Midland Defendants"); (iii) Midland Credit Management, Inc.'s employee Lily Haas; and (iv) an attorney identified as "John Doe 1." Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and Massachusetts General Laws Chapter 93A ("Chapter 93A"). The LGW Defendants and the Midland Defendants filed separate motions to dismiss Plaintiff's complaint for failure to state a claim. Ms. Haas and "John Doe 1" have not been properly served. Thus, the case only involves the LGW Defendants and the Midland Defendants, who are collectively referred to as the "Defendants." Plaintiff filed a number of responses to the motions to dismiss, and the LGW Defendants have filed

a motion to strike all such responses as untimely. The court commends Plaintiff for his written and oral argument, but ultimately concludes that Defendants' motions to dismiss must be allowed.

## II.     STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Courts are not required to accept as true allegations in a complaint that are legal conclusions. *Id.* at 678. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Therefore, in assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff.[1] *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012).

## III.    FACTS AND DISCUSSION

Plaintiff's amended complaint is fairly lengthy and contains several assertions that are only related to certain of his claims. Therefore, for organizational purposes, the court will first set forth background facts relevant to all claims. The court will then address ancillary, but preliminary, matters

---

[1] The court notes that, when a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

related to the filings in the case. Finally, the court will address each of Plaintiff's claims in turn and set forth the additional relevant facts as needed.

### A. Background Facts

Plaintiff opened a credit card account ending in the number 3196 with Chase Bank USA, N.A. (the "Chase Account"), which was charged off and sold to Midland Funding, LLC on December 9, 2011. (Dkt. No. 22, Am. Compl., Ex. 6.) When it was sold to Midland Funding, LLC, the Chase Account had an unpaid balance of $1,906.48. (Am. Compl., Ex. 2-3.) LGW is a law firm representing the Midland Defendants in multiple collection cases against Plaintiff, including collection on the Chase Account. (Am. Compl. ¶¶ 7-10, 30-33.) LGW brought a collection case for the Chase Account in the Small Claims Session of the Springfield District Court on August 26, 2014 (the "Small Claims Action"). (Am. Compl., Ex. 3.) Plaintiff alleges LGW sought to collect $3,134.04, which would be the incorrect amount (Am. Compl. ¶¶ 31-32), but the documents attached to the amended complaint demonstrate that the claim was for $1,906.48. (Am. Compl., Ex. 3.) Plaintiff successfully defended the Small Claims Action; judgment was entered in his favor and LGW was unable to collect on the Chase Account. (Am. Compl., Ex. 3.)

### B. Defendants' Motion to Strike and Plaintiff's Motion for Judicial Notice

Plaintiff's deadline for filing a response to Defendants' motions to dismiss was originally August 21, 2015, and he was granted an extension until September 8, 2015. (Dkt. Nos. 44, 46.) On September 10, 2015, he filed a notice that his response would be forthcoming, and he filed the response on September 14, 2015. (Dkt. Nos. 48-49). The LGW Defendants seek to strike this as untimely. (Dkt. No. 50.) While Plaintiff did miss the deadline, it is conceivable that he misunderstood the extension (he asked for a 30-day extension, but was not given the full 30 days requested), and he has filed an affidavit stating he did not know of the September 8, 2015 deadline.

Given Plaintiff's *pro se* status and his forthrightness in explaining the delay, the court is not persuaded that his response should be stricken.

Prior to the hearing on Defendants' motions to dismiss, Plaintiff filed a motion for leave to take judicial notice, pursuant to Federal Rules of Evidence Rule 201, of a consent decree entered into between the Midland Defendants and the United States Consumer Financial Protection Bureau. (Dkt. No. 57.) Following the hearing, the Midland Defendants filed an opposition to Plaintiff's motion for judicial notice. (Dkt. No. 59.) The court will take judicial notice of the existence of the consent decree. A review of the consent decree indicates that it deals with matters that are factually distinct from the case at hand, however, so the court will not grant Plaintiff's request to give the decree preclusive effect over this case.

### C. Counts I and II: FCRA

Plaintiff is a resident of Springfield, Massachusetts. (Am. Compl. ¶ 6.) Plaintiff alleges Defendants violated the FCRA by pulling his consumer credit report from credit reporting agencies without his permission and without a permissible purpose. (Am. Compl. ¶¶ 40-53.) Count I alleges they did so willfully and Count II alleges they did so negligently. Defendants admit that they pulled Plaintiff's consumer credit reports, but contend they had a permissible purpose, namely debt collection. Under 15 U.S.C. § 1681b(a)(3)(A), a credit reporting agency may furnish a credit report "[t]o a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Defendants cite to a recent case in the District of Massachusetts that stated, "[t]his Court and others have consistently construed [15 U.S.C. § 1681b(a)(3)(A)] to permit a debt collector to obtain a credit report in connection with efforts to collect a debt." *Veal v. Portfolio Recovery, Inc.*, Civil Case No. 14-12967-ADB, 2015 WL 1609109, at *3 (D. Mass. Apr. 9, 2015). Plaintiff's amended complaint alleges

4

that Defendants were seeking to collect a debt. (Am. Compl. ¶¶ 30-33.) It is therefore clear that Defendants had a permissible purpose defined by the FCRA.

Plaintiff responds that the account in question was a credit card account, which he argues is not an "account" for the purposes of 15 U.S.C. § 1681b(a)(3)(A). Pursuant to 15 U.S.C. § 1681a(r)(4), the FCRA defines an account by way of reference to 15 U.S.C. § 1693a(2), which defines an account as "a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title) . . . established primarily for personal, family, or household purposes." Plaintiff argues that his credit card account is "an occasional or incidental credit balance in an open end credit plan" and therefore does not fall under the definition of an account. Defendants respond that the exclusion is only for an "occasional or incidental credit balance," and does not apply to all balances in open end credit plans. Defendants argue that Plaintiff's allegations demonstrate the collection attempts were for an unpaid and charged-off credit card account, not for "occasional or incidental" charges on the account. A review of the statute and the case law demonstrates that Plaintiff's position that the FCRA does not contemplate collection efforts on credit card accounts is untenable. *See, e.g., Fritz v. Capital Mgmt. Servs., LP*, Case No. 12-cv-1725, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013) (stating "broader context of the FCRA . . . clearly contemplate[s] that the term 'account' encompasses credit card accounts" and collecting cases coming to same conclusion). Because Plaintiff's allegations show that Defendants pulled his credit report for the permissible purpose of collecting on a credit card account under the FCRA, Counts I and II must be dismissed.

### D.     Count IV: FDCPA

Plaintiff alleges violations of the FDCPA, but he only does so by enumerating the elements of a cause of action under the statute without any additional factual support. (Am. Compl. ¶ 155.) These allegations are the sort of "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements," that were found insufficient to survive a motion to dismiss in *Iqbal*, 556 U.S. at 678. Certain of Plaintiff's allegations might be construed to fit into FDCPA claims for falsely representing the amount or legal status of a debt or for using unfair means to collect a debt, but the court ultimately finds the allegations insufficient to support such claims.

For example, Plaintiff alleges Defendants sued him on a time-barred debt when they brought the Small Claims Action (*see* Am. Compl. ¶¶ 34-37, 66-68), but Defendants point to documentation attached to Plaintiff's original complaint (but not attached to his amended complaint) indicating a payment was made on March 14, 2011 (*see* Dkt. No. 1, Compl., Ex. 2), bringing the Small Claims Action within Massachusetts's six-year statute of limitations. *See* Mass. Gen. Laws ch. 260, § 2.[2] Additionally, Plaintiff alleges Defendants sued him for the improper amount of debt (*see* Am. Compl. ¶¶ 24, 31-32), but Defendants point to documentation attached to the amended complaint demonstrating that they actually sued for the correct amount of debt. (*See* Am. Compl., Ex. 3.)[3] Finally, Plaintiff alleges that Defendants relied upon a false affidavit prepared by Ms. Haas in bringing the Small Claims Action. (Am. Compl. ¶¶ 34, 91-122, 129, 131-32.) In support of this claim, Plaintiff refers to other lawsuits against Defendants in which they were found to be using false affidavits claiming "personal knowledge" that debtors owed certain debts, and Plaintiff contends Defendants continue to do so. (Am. Compl. ¶¶ 91-122.) Defendants argue that the affidavit used in the Small Claims Action only asserted "personal knowledge" of business records listing Plaintiff's

---

[2] While this documentation was excluded from Plaintiff's amended complaint, the court notes that "[c]ourts are permitted, in some instances, to consider on a Rule 12(b)(6) motion documents that were not attached to the complaint," and such "narrow exceptions" include "'documents central to plaintiffs' claim [or] documents sufficiently referred to in the complaint.'" *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Because Plaintiff's amended complaint still refers to the documents establishing that he made a payment on March 14, 2011 (*see* Am. Compl. ¶ 34) and because this documentation is central to Plaintiff's claim that he was sued on a time-barred debt, the court will consider such documentation pursuant to the narrow exceptions identified in *Foley*.
[3] *See Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." (internal marks and citations omitted)).

debt and attached the relevant records relied upon. Plaintiff correctly points out that the Midland Defendants have entered into consent decrees with the United States Consumer Financial Protection Bureau ("CFPB") to prevent unscrupulous and illegal practices with respect to the use of affidavits in collection lawsuits, but the affidavit filed in the Small Claims Action does not appear to have the same problems found in the earlier affidavits that drew the attention of the CFPB. (*See* Am. Compl., Ex. 6; Dkt. No. 40, Defs.' Mem. Supp. Mot. to Dismiss, Ex. H.)

Because Plaintiff simply reiterates the elements of an FDCPA cause of action, and because his factual allegations would be insufficient to support such a cause of action in any event, Count IV is dismissed.

### E. Count III: Chapter 93A

Count III is a state-law claim based on Plaintiff's allegations that Defendants violated Chapter 93A. Because Plaintiff's federal claims are dismissed, the court declines to exercise supplemental jurisdiction over the remaining state-law claim and will therefore dismiss Count III without prejudice. See *Caesars Mass. Mgmt. Co. v. Crosby*, 778 F.3d 327, 337 (1st Cir. 2015); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). The court notes that, because it is only dismissing Count III without prejudice, Plaintiff is not barred from re-filing an action based on Count III in a proper forum.

### IV. CONCLUSION

With respect to the procedural matters, the LGW Defendants' motion to strike (Dkt. No. 50) is DENIED and Plaintiff's motion for leave to take judicial notice (Dkt. No. 57) is ALLOWED solely to the extent the court takes judicial notice of the existence of the documents contained therein. Substantively, Defendants' motions to dismiss (Dkt. Nos. 37 and 39) are ALLOWED in

their entirety. The federal claims in Counts I, II, and IV are dismissed with prejudice for failure to state a claim, and the court declines to exercise supplemental jurisdiction over the state-law claim in Count III, which is dismissed without prejudice.

    It is So Ordered.

                                                /s/ Mark G. Mastroianni
                                                MARK G. MASTROIANNI
                                                United States District Judge